IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORMAN A MCCRARY,

    Plaintiff,

v().    CASE NO. 1:10-cv-00134-MP-AK

LISA WHITE SHERRLY, PETER SIGAL,

    Defendants.

_____/

### **O R D E R**

Plaintiff, an inmate at Florida State Prison, brings this lawsuit pursuant to 42 U.S.C. § 1983, alleging that Defendants, two attorneys, have violated his civil rights by failing to enforce a "treaty" entered in a prisoner class action suit. (Doc. 2). He has also filed an amended motion for leave to proceed as a pauper and provided the proper account information. (Doc. 9).

Plaintiffs' motion to proceed as a pauper (Doc. 9), is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Because Plaintiff has insufficient funds, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall

continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (#); and, (3) Northern District of Florida Case Number. Checks or money orders which do not have this information will be subject to return. Accordingly, the **Clerk** shall mail a copy of this Order by mail to: Department of Corrections, Office of the General Counsel, 2601 Blair Stone Road, Tallahassee, FL 32399-2500.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

## **AMENDMENT OF COMPLAINT**

Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.

In any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the

*Case No: 1:10-cv-00134-MP-AK*

        Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For liability under 42 U.S.C. §1983, Plaintiff must show an affirmative causal connection between the Defendants' conduct and the constitutional deprivation. Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id*., at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

    Defendants Sigal and Sherrly appear to be private individuals. Plaintiff has not explained how they were acting for the state in representing prisoners in a class action suit. Plaintiff has also not explained what either of them did that violated his rights nor has he identified specifically what constitutional rights are at issue. It is not sufficient to list the grounds as "1) chemical agents; 2) mental health; 3) care of inmates in confinement; 4) rec yard," and provide no specific facts to explain what rights have been violated by these two persons.

    In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to

amend his Complaint.  To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Second Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. In amending, Plaintiff should carefully review the following to determine whether he can present allegations sufficient to state a cause of action:

> 1)  Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights.  Further, Plaintiff must provide support in the statement of facts for the claimed violations.
>
> 2)  Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).
>
> 3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

The **Clerk** is directed to send the Plaintiff a blank Civil Rights Complaint form. After carefully considering whether he can state a cause of action in accordance with this Order, Plaintiff shall submit his Amended Complaint within **TWENTY (20) DAYS** or by September 6, 2010.  The failure to do so in the allotted time will result in the dismissal of this action

**DONE AND ORDERED** this  *24th*   day of August, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge