IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORMAN A MCCRARY,

    Plaintiff,

v.                                                    CASE NO. 1:10-cv-00134-MP-AK

LISA WHITE SHERRLY, PETER SIGAL,

    Defendants.

_____/

**O R D E R**

This matter is before the Court upon the filing of a First Amended Complaint. (Doc. 10). Having considered said claims, the Court is of the opinion that this cause should be DISMISSED.

**I.  Allegations of the Amended Complaint**

Plaintiff brings this cause under 42 U.S.C. §1983 alleging that two private attorneys, Lisa Sherrly and Peter Sigal, who represented fellow prisoner Mark Osterback in a class action suit concerning the use of chemical agents that presumably included the present Plaintiff. Plaintiff alleges that these attorneys failed to obtain the relief promised, and Plaintiff continues to have watery eyes and skin problems. He also complains that he is being segregated unfairly. He does not specify precisely what relief he seeks.

**II.  Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an

attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), *citing* <u>Haines v. Kerner</u>, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  <u>Worst v. Hart</u>, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  <u>Quality Foods de Centro America</u>, 711 F.2d at 995, *citing* <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  <u>Peterson v. Atlanta Housing Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. <u>Williams v. Secretary for the Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  <u>Williams</u>, *supra*; <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

Plaintiff was told by previous Order that his civil rights lawsuit cannot proceed against

these private attorneys absent some allegation of a connection between them and acts committed pursuant to some state authority. (Doc. 10). He was also advised that he must identify some specific constitutional rights which they are alleged to have violated. (Doc. 10). He has not added any facts nor identified any claims in the first amended complaint and refers to his previous filings for explanation, even though he was warned that his previous pleadings did not state a claim for relief and his cause may be dismissed if he did not provide more information.

Accordingly, it is

**ORDERED AND ADJUDGED:**

That this cause be DISMISSED for failure to state a claim for relief under 28 U.S.C. §1915(e)(2)(B).

**DONE AND ORDERED** this  *28th*   day of September, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge